# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KESNEY ESTRADA, on behalf of her child, Q. R., a minor, | ) ) ) |
| *Plaintiffs,* | ) Case No. 3:23-cv-1142 ) ) |
| v. | ) ) ) |
| EFFINGHAM COMMUNITY SCHOOLS UNIT DISTRICT #40, through its Board of Education, and TONY PULLEN, | ) ) ) ) |
| *Defendants.* | ) ) |

## COMPLAINT

### I.   BACKGROUND

1. This is an action arising from Plaintiff's mistreatment as a student at Effingham High School, during which he was subjected to severe mental and physical bullying without protection from school staff. Plaintiff is seeking damages for Defendants' violation of Plaintiff's rights under Title II of the ADA and Section 504 of the Rehabilitation Act. Defendants are also responsible for intentional infliction of emotional distress.

### II.   PARTIES

2. Plaintiff Q. R. was a student at Effingham High School in the Effingham Community Schools Unit District #40. Plaintiff at all times material to this litigation has been, and is presently, a minor child.

3. Plaintiff Kesney Estrada ("Estrada"), is the mother of minor Q.R.. Estrada is a resident of the State of Illinois.

4. Defendant Effingham Community Schools Unit District #40 ("Effingham") through its Board of Education is a public school district located in Effingham, Illinois.

5. Defendant Tony Pullen ("Pullen") was employed by Effingham at all times relevant to this litigation.

6. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant Effingham that caused the harms to Plaintiffs subject of this lawsuit. At this time, their names and whereabouts are unknown.

### III. JURISDICTION & VENUE

7. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

8. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

9. Defendant Effingham conducts business within the State of Illinois.

10. The other Defendants, on the grounds that they were employees of Effingham at all relevant times herein, and personally violated certain rights and policies, the effects of which were felt in the State of Illinois.

11. Venue in this action is properly in the Southern District of Illinois because the events relevant to this action occurred primarily within the geographical confines of the Southern District of Illinois.

## IV. FACTUAL ALLEGATIONS

12. At all times relevant to this litigation, Q. R. was a student at Effingham High School and Fresh Start within Effingham Community Schools District #40.

13. Q. R. suffers from autism, oppositional defiant disorder, adjustment reaction with aggression, and attention-deficit/hyperactivity disorder ("ADHD").

14. As a result of Q.R.'s disabilities, he suffers with disruptive and non-compliant behaviors in the classroom and school setting, difficulties focusing on daily tasks, and lacks the necessary coping and decision-making skills to limit his disruptive his behavior and deal responsibly with daily academic and social situations.

15. An Independent Education Plan ("IEP") was developed and implemented for Q.R.

16. The IEP entailed various tools for teachers to enable Q. R. to succeed at school.

17. Effingham failed to implement Q.R.'s IEP.

18. Estrada voiced concerns to Effingham teachers and administrative staff regarding the implementation of Q.R.'s IEP and as a result Effingham's failure to provide Q.R. with an education.

19. As a result of Defendants failure to properly implement the IEP, Q. R.'s schoolwork, grades and overall progress suffered.

20. Throughout Q.R.'s schooling at Effingham, Q.R. suffered from discriminatory treatment from students, teachers, and administrators.

21. In 2018, Jeannette Busher, a teachers aid, verbally harassed Q.R. by stating in front of other students that Q.R. was failing his classes and would not amount to being on the football team.

22. Estrada called an emergency IEP meeting seeking Effingham to protect Q.R. through his IEP.

23. Effingham continued to allow staff and students to intentionally harm Q.R.

24. Q.R. was the recipient of racially discriminatory comments.

25. On October 26, 2018, Estrada notified Charlie Schwerman regarding physical and verbal abuse suffered by Q.R. on school property.

26. Students harassed and bullied Q. R, when they surrounded him and slammed balls at his face and head while verbally mocking Q.R.

27. This incident was recorded by another student through the phone application, Snapchat, and sent out for others view, causing embarrassment and his anxiety to worsen.

28. Schwerman failed to address Estrada's concerns regarding the education and safety of Q.R. while at Effingham.

29. Effingham staff were advised to communicate with Estrada via phone call only in regard her son Q.R.

30. The requirement that verbal communications be used serves only to shelter Effingham from their failure to provide Q.R. an education, implement his IEP and protect him while at Effingham.

31. In 2021, Q. R.'s continued to struggle with his disabilities and as a result, he received multiple disciplinary actions and school suspension.

32. Q. R. was often belittled and ridiculed by the teachers in front of his classmates.

33. On May 7, 2021, while being reprimanded for leaving a mask on a table, Q.R. began experiencing symptoms related to his disability, particularly autism, and he attempted to walk away from Pullen.

34. Pullen followed Q. R. to the office as he continued to verbal abusing him.

35. Pulled stated Q.R. was "a worthless student," and would "never transition out of special education, receive a work permit or come back to Effingham Unit #40 District Schools."

36. Pullen then wrote out a discipline referral for Q. R., citing abuse and defiance of authority, resulting in a 3-day suspension.

37. Q.R. was visibly upset and stated to teacher Derrick Harris that he felt as though everyone was against him.

38. Harris was the only TLC staff member communicating with Q.R. for the previous three weeks as a result of a plan created by staff in order to limit Q.R.'s interactions with staff.

39. As a result of the mental, physical, and emotional abuse Q.R. had endured for years by the Defendants because of his disabilities, when Q.R. arrived home that afternoon, he ingested multiple prescription depression pills in an attempt to commit suicide.

40. Q.R. was rushed to the emergency room where he was placed in intensive care.

**Respondeat Superior and Agency**

41. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

42. Under federal and Illinois law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

43. At all times relevant to this action, all named individual Defendants were employed by Effingham. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with Effingham.

44. At the time of this Complaint, only the named individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the named individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

V.   CAUSES OF ACTION

**COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

45. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

46. Defendant Effingham is a public school that receive federal funding and are therefore subject to Title II of the ADA.

47. Plaintiff suffers from a disability and is diagnosed with autism, attention-deficit/hyperactivity disorder, adjustment reaction with aggression and oppositional defiant disorder.

48. Plaintiff's disability limits major aspects of his life, making many everyday activities difficult for him, especially the ability to focus, properly interact with those around him and control his aggression.

49. Plaintiff therefore is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

50. Title II of the ADA prohibits the discrimination of a person on the basis of disability.

51. Defendants discriminated against Plaintiff when they did not implement his IEP, effectively denying him access to an equal education.

52. Defendants were fully aware of Plaintiff's disability.

53. Defendants discriminated against Plaintiff on the basis of his disability by intentionally ignoring Plaintiff's IEP.

54. As a direct result of Defendants' ignoring Plaintiff's IEP, Plaintiff was expelled from Effingham.

55. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained and continues to sustain injuries and damages in the form of an expulsion which will affect Plaintiff's future academic and professional career.

56. Defendants' inobservance of the law and its' effects on Plaintiff are ongoing and continuous, requiring declaratory and injunctive relief and therefore employing 42 U.S.C. § 12182, as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any bad grades received when Plaintiff was not provided an IEP;

(c) Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d) Grant such other and further relief as justice requires.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

57. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

58. Section 504 of the Rehabilitation Act, 29 U.S.C.S. § 794 bars all federal funded entities from discriminating based on disability. Section 504 states, in relevant part:

> *No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C.S. § 794(a).*

59. As a public school receiving federal funding, Defendant Effingham is subject to Section 504 of the Rehabilitation Act.

60. Plaintiff is a disabled person who has been diagnosed with autism, attention-deficit/hyperactivity disorder, adjustment reaction with aggression and oppositional defiant disorder.

61. Despite his disabilities, Plaintiff was able to succeed in his classes in which his IEP was honored, as observed by his teachers and peers.

62. Plaintiff therefore was an otherwise qualified individual to receive an education at Effingham. Plaintiff was denied his right to an education because of his autism, attention-deficit/hyperactivity disorder, adjustment reaction with aggression and oppositional defiant disorder.

63. Defendants discriminated against Plaintiff when they did not implement his IEP, effectively denying him access to an equal education.

64. Defendants were made aware of Plaintiff's need for an IEP, an IEP was implemented and therefore were fully aware of Plaintiff's disability.

65. Defendants discriminated against Plaintiff on the basis of his disability by intentionally ignoring Plaintiff's IEP.

9

66. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained and continues to sustain injuries and damages in the form of an expulsion which will affect Plaintiff's future academic and professional career.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any bad grades received when Plaintiff was not provided an IEP;

(c) Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d) Grant such other and further relief as justice requires.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

68. Defendants committed all four elements of intentional infliction of emotional distress: Defendants acted with intent; Defendants' conduct was extreme and outrageous;

Defendants' conduct caused the Plaintiff emotional distress; and Plaintiff's emotional distress was severe.

69. The individual Defendants employed at Effingham purposefully ignored Plaintiff's pleas for help and protection.

70. Defendant Pullen intentionally verbally abused Plaintiff.

71. Defendant Pulled purposefully inflicted harm on Plaintiff.

72. Defendants' actions rose to the level of assault.

73. Defendants' intentional actions caused Plaintiff emotional distress severe enough Plaintiff completed a suicide attempt that led to a stay in the ICU.

74. From Plaintiff's statements to Defendants, Defendants knew that their actions would be injurious to Plaintiff.

75. Defendants' actions proximately caused Plaintiff severe emotional injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any bad grades received when Plaintiff was not provided an IEP;

(c)      Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d)      Grant such other and further relief as justice requires.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: April 5, 2023

Respectfully Submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Tel: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiffs*

12