IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KESNEY ESTRADA, on behalf of her child, Q.R., a minor, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 23-CV-1142-SMY |
| vs. | ) ) ) |
| TONY PULLEN, in his individual capacity, and EFFINGHAM COMMUNITY SCHOOLS UNIT DISTRICT # 40, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Combined Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Strike and Brief in Support (Doc. 16). Plaintiff responded in opposition (Doc. 20). For the following reasons, the motion is **GRANTED in part**.

### The Complaint

Plaintiff Kesney Estrada, the parent of minor Q.R., makes the following allegations in the Complaint (Doc. 1): Q.R. was a student at Effingham High School who suffered from autism, oppositional defiant disorder, adjustment reaction with aggression, and attention-deficit hyperactivity disorder (ADHD). The school implemented an Independent Education Plan ("IEP") for Q.R. but did not properly apply it, resulting in Q.R.'s poor academic and social performance. In 2018, a teacher's aide told Q.R. in front of other students that Q.R. was failing his classes and could not play on the football team. Afterwards, Estrada requested an IEP meeting and notified district personnel about physical and verbal abuse being perpetrated on Q.R. Despite Estrada's attempts to work with the District to protect Q.R., the incidents continued, including: students slammed balls at Q.R.'s face while taunting him; the ball incident was recorded by other students

and circulated on a phone application, Snapchat; teachers "belittled and ridiculed" Q.R. in front of his classmates; and he was the recipient of racially discriminatory comments.

On May 7, 2021, Defendant Pullen reprimanded Q.R. for leaving a mask on a table during the COVID-19 pandemic. Pullen told Q.R. that he was a "worthless student" who would "never transition out of special education" and wrote him a discipline referral for a 3-day suspension. When Q.R. returned home that afternoon, he ingested multiple depression pills in a suicide attempt. He was rushed to the emergency room and placed in intensive care.

Plaintiff asserts claims for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act (Counts I and II) and for intentional infliction of emotional distress (Count III).

## Discussion

Defendants move to dismiss Counts I-III pursuant to Rule 12(b)(6) for failure to state a claim; move to dismiss Count III pursuant to Rule 12(c) for failing to plead sufficiently outrageous facts and because Defendants are immune from liability under the Illinois Tort Immunity Act; move to strike prayers for punitive damages and emotional damages pursuant to Rule 12(f)[1]; and move pursuant to Rule 12(f) to strike any remedies outside of compensatory damages for the ADA violations for lack of administrative exhaustion.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] Plaintiff agrees that the District is immune from punitive damages on all counts, that emotional distress claims cannot be pursued under Section 504 of the Rehabilitation Act, and that 42 U.S.C. § 12182 should be stricken as inapplicable. Accordingly, these will be stricken.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The Court draws all reasonable inferences and facts in favor of the nonmovant.  *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014).  Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

Pursuant to Rule 12(f), this Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored, and "they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  Charles A. Wright and Arthur R. Miller, 5C Federal Practice and Procedure § 1382 (3d ed.); see also, *Heller Financial Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

## Counts I and II (ADA and Rehabilitation Act)[2]

Defendants assert that Counts I and II under the ADA and Rehabilitation Act are subject to dismissal under Rule 12(b)(6) because Plaintiff has failed to allege any facts demonstrating that he was discriminated against because of his disability or otherwise treated differently than other students.  To state a viable claim under Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must plead facts suggesting: (1) the plaintiff is a "qualified individual with a

---

[2] The parties agree that Defendant Pullen is not a proper party with respect to Counts I and II because there is no individual liability under the ADA or Section 504 of the Rehabilitation Act.  *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015).  Accordingly, the Court will only analyze whether Plaintiff has stated a claim under the ADA or Section 504 against the District.

disability"; (2) the public entity denied the plaintiff "the benefits of the services, programs, or activities of a public entity" or "otherwise subjected [him] to discrimination by such an entity"; and (3) the plaintiff was discriminated against "by reason of" his disability. *Hildreth v. Butler,* 960 F.3d 420, 430 (7th Cir. 2020).

Here, Plaintiff alleges that the District acknowledged Q.R.'s disabilities by entering into an IEP to provide him with a special education and then discriminated against Q.R. because of his learning disabilities, including through repeated verbal harassment and openly allowing other students to mistreat him.  Defendants' arguments in support of dismissal go to the substance of Plaintiff's claims, but she is not required to prove her case on the face of the Complaint; Plaintiff's allegations are sufficient to state a colorable ADA/Rehabilitation Act claim.  The motion will be denied with respect to the claims asserted against the District in Counts I and II.

## Count III (Intentional Infliction of Emotional Distress)

Defendants argue Plaintiff has not satisfied the pleading standards to show that Defendants' conduct was extreme and outrageous.  Alternatively, they argue they are immune from this claim under the Illinois Tort Immunity Act.  Defendants move for dismissal of this claim pursuant to both Rules 12(b)(6) and 12(c).

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must plead facts sufficient to demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that caused severe emotional distress. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006).  Such extreme and outrageous conduct must go "beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith,* 256 F.3d 477, 490 (7th Cir. 2001).  "Mere insults, indignities, threats,

annoyances, petty oppressions, or other trivialities" are not enough. *McGrath v. Fahey,* 533 N.E.2d 806, 809 (1988) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

In the Complaint, Plaintiff alleges months of bullying of Q.R. for being a special needs student, including racially discriminatory comments and such stringent verbal harassment that Q.R. attempted suicide. She details specific incidents and dates. This is sufficient to state a claim at the pleading stage.

Moreover, Defendants are not immune with respect to this claim pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/2-201, which provides:

> A public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused… [a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

745 ILCS 10/2-201; 745 ILCS 10/2-109.

The statute only affords immunity to public employees who are "determining policy *and* exercising discretion." *Van Meter v. Darien Park Dist.,* 799 N.E.2d 273, 281-282 (Ill. 2003). Plaintiff alleges Defendants harassed and subjected Q.R. to abuse. The Act affords no immunity for such conduct. See *Trotter v. Sch. Dist. 218*, 315 Ill. App. 3d 1, 12 (2000). Defendants' motion is denied with respect to Count III as well.

## Administrative Exhaustion

Under Rule 12(f), Defendants request that Plaintiff's prayer for relief in the ADA Count, that the Court enter an "injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any bad grades received when Plaintiff was not provided an IEP," be stricken. They assert Plaintiff is barred from

such relief because Q.R. failed to exhaust his administrative remedies with the District. This contention is properly raised via an affirmative defense (which Defendants must prove by evidence, not assertion), not a motion to strike. Accordingly, Defendants' motion is denied on this point.

### Conclusion

For the foregoing reasons, Defendants' Combined Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Strike and Brief in Support is **GRANTED** with respect to the claims asserted in Counts I and II against Defendant Pullen. Further, Plaintiff's request for punitive damages on all counts, damages for emotional distress on Counts I and II, and reference to 42 U.S.C. § 12182 are **STRICKEN**. The motion is **DENIED** on all other points.

**IT IS SO ORDERED.**

**DATED:  October 4, 2023**

**STACI M. YANDLE**
**United States District Judge**